CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD EUGENE MAHONEY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00741 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DIRECTOR OF VDOC, et al., | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Ronald Eugene Mahoney, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him medical care and proper "diet and nutritional needs." Mahoney also alleges that Bland Correctional Facility ("Bland") has an inadequate emergency transport system. The court finds that Mahoney has failed to state a claim upon which the court may grant relief; and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Mahoney alleges that while at Bland the past four years, he has been denied "specific medications and medical treatments and oper[a]tions" and that he and other inmates are not allowed to see the doctor. He states that this denial of treatment causes him "great and excruciating" pain and suffering as well as "health deterioration[]." However, he also claims that he has been taken to the hospital on several occasions, including at least five trips to the emergency room. Mahoney states that he has experienced "extreme bleeding" and while at the hospital has been given "massive amounts of blood" to prevent him from "nearly bleed[ing] to death." Despite being given the

---

[1] The court also notes that it does not appear that Mahoney has exhausted his administrative remedies with regard to any of his claims. The court conditionally filed his action by Order entered December 21, 2006, and advised Mahoney that it appeared his claims were unexhausted and asked him to provide evidence of his attempts to exhaust his claims. Mahoney filed no response concerning the exhaustion of his claims.

opportunity to amend and particularize his claims, Mahoney does not provide any detail as to the specific nature of his claimed ailment, or any other information surrounding his alleged pain or bleeding. Mahoney continues on to state that he was denied "proper food [and] diet" to meet his nutritional needs by the "very poor quality [] food." Mahoney does not allege that he is receiving no food or that he is qualified for a special diet at Bland. Finally, Mahoney claims that Bland has an inadequate emergency transport system and alleges that a he "could bleed to death before reaching the hospital." Mahoney states that the "emergency transport are often to[o] late," that "death occurs," and that "medical staff [causes] further delay [by] calling EMS."

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997).

Mahoney admits that he has been taken to the hospital on numerous occasions, has received blood transfusions, and has been released by the hospital back to Bland authorities. Despite being given the opportunity to particularize his claims, nothing in Mahoney's complaint suggests that Bland medical personnel or the defendants acted with deliberate indifference with regard to Mahoney's medical treatment. As far as the court can tell from his complaint, Mahoney had some sort of medical emergency involving him bleeding, he was taken to the hospital, treated, and released. Accordingly, though Mahoney asserts he has been denied treatment and that the emergency transport system is inadequate, the court finds that he has failed to state a claim of constitutional

2

significance against any of the defendants.[2]

### III

In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While Mahoney alleges that he was denied an adequate diet to meet his nutritional needs, he concedes that he is provided food and does not claim that he is authorized for a special diet at Bland. Further, he does not allege that he has suffered any actual harm because he was denied what he deems "proper food" nor that it may cause him future injury. Accordingly, the court finds that Mahoney's allegations of improper food and diet fail to state a claim under the Eighth Amendment.

### IV.

To the extent Mahoney wishes to bring a claim on behalf of other inmates, it fails because Mahoney does not have standing. To state a civil rights claim, one must allege that he, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or federal law. Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). To demonstrate standing, a plaintiff must allege personal injury. Allen v. Wright, 468 U.S. 737, 751 (1984). To the extent that Mahoney alleges that other inmates are being deprived proper medical treatment and have died from an inadequate emergency medical transport system at Bland, the court finds that Mahoney has no

---

[2] Further, even if Mahoney could show deliberate indifference by medical personnel at Bland, a medical treatment claim cannot be brought against a supervisory official absent an allegation that the official was personally connected with the denial of medical treatment. Vinnledge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Mahoney makes no such allegation regarding any of the defendants and therefore, the court finds that Mahoney claim fails on this ground as well.

3

standing to bring such a claim.

## V.

For the reasons stated herein, the court dismisses Mahoney's suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This 31st day of January, 2007.

_____
United States District Judge